IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIZA GRAY, | |
| Plaintiff, | Case No. 1:20-cv-02466 |
| v. | Honorable Judge Sara L. Ellis |
| MANORCARE HEALTH SERVICES, LLC, doing business as HCR MANORCARE HEALTH SERVICES, LLC, | |
| Defendant. | |

**DEFENDANT'S MOTION TO EXTEND SUMMARY JUDGMENT DEADLINE**

Defendant, Manorcare Health Services, LLC, by and through its undersigned counsel, hereby move to extend the deadline for filing dispositive motions, and state as follows in support of its *Motion to Extend Summary Judgment Deadline:*

1. The parties have completed discovery in this matter.

2. Prior to the close of discovery, the parties participated in a settlement conference with the Court but did not reach a settlement agreement. After completing discovery, the parties renewed efforts to explore whether a resolution could be reached prior to expending time and money briefing motions for summary judgment.

3. On January 24, 2022, Defendant countered Plaintiff's most recent settlement demand, increasing Defendant's prior settlement offer. On February 2, 2022, Plaintiff had not responded, and at Defendant's request, the parties agreed to file a joint motion to extend the due date for dispositive motions from February 15, 2022 to March 18, 2022, to facilitate settlement discussions, with an indication that they did not expect to seek another extension. The parties filed such a motion, which is pending. [Dkt. 43, 44].

4. Defendant maintains that in this situation, as of February 2, 2022, it reasonably expected that Plaintiff would respond by reducing her settlement demand, and that the purpose of the extension was to allow Defendant to hold off on dispositive motion briefing until it could be determined whether settlement could be achieved without the need for dispositive motion briefing.

5. On February 23, 2022, Plaintiff responded by indicating that she would not reduce her settlement demand. Counsel for Defendant promptly scheduled a telephone conference to discuss Plaintiff's decision not to reduce her demand and discuss whether further progress on the settlement front could be achieved. The Parties telephone conference was scheduled for February 28, 2022.

6. In addition, upon receiving Plaintiff's settlement position on February 23, and at all times thereafter, Defendant promptly moved forward with all steps needed to file its planned motion for summary judgment. Specifically, on February 25, 2022, just two days after Plaintiff indicated that she was not reducing her settlement demand, Defendant served its Statement of Undisputed Material Facts ("Statement of Facts"), per this Court's Summary Judgment Practice procedures. Defendant listed factual paragraphs 1-36. Defendants later added paragraphs 37-42. Defendant requested Plaintiff's response within one week, but indicated the Parties could discuss timing during their upcoming telephone conference.

7. On February 28, 2022, the Parties participated in a telephone conference to further discuss the prospect of settlement. Counsel for Plaintiff indicated his client's position had not changed and counsel for Defendant explained that Plaintiff's unwillingness to provide an updated demand would necessarily derail any further settlement negotiations. Counsel for Plaintiff indicated he would revisit the issue with his client and further committed to providing Plaintiff's response to Defendant's Statement of Facts as soon as possible.

8.      On March 9, 2022, Plaintiff served her response to Defendant's Statement of Facts. In it, Plaintiff objected to a significant number of Defendant's factual assertions and added factual assertions of her own.

9.      On the very next day, March 10, 2022, Defendant requested to meet and confer, and the parties did so at Plaintiff's counsel's earliest opportunity during the afternoon of Monday, March 14, 2022. Based on that meeting, Plaintiff provided an updated response to Defendant's Statement of Facts on Tuesday, March 15, 2022.

10.      On Wednesday March 16, 2022, Defendant provided a revised and consolidated update to its Statement of Facts based upon Plaintiff's initial March 9 response, counsel's March 14 telephone conference, and Plaintiff's March 15 updated response.

11.      The parties have made significant progress towards agreement on the statement of undisputed facts, and it appears that the parties likely will reach agreement on a joint statement of undisputed facts in the near future, though given that the parties have not yet done so and it is possible that Defendant will need to file a joint motion, per this Court's procedures.

12.      Based on this history, Defendant will not be able to file is Motion for Summary Judgment by the current due date of March 18, 2022.

13.      However, Defendant has proceeded with diligence. Defendant reasonably used the agreed-upon extension between the parties to explore settlement, as that was the stated purpose of the jointly requested extension. Once it became clear that the settlement is unlikely,[1] Defendant moved forward as briskly as it possibly could have in proceeding with the Court's Summary Judgment Practice procedure.

---

[1] On a later date, Plaintiff reduced her settlement demand and settlement discussions have in fact resumed. However, Defendant will continue to move forward with dispositive motion briefing.

14. Defendant therefore respectfully requests that the Court grant Defendant leave to file its Motion for Summary Judgment on or before April 15, 2022, if the parties reach agreement on a joint statement of undisputed facts by March 25, 2022; and alternatively, if the parties do not reach such agreement by March 25, 2022, Defendant asks that the Court grand Defendant leave file a joint motion by April 2, 2022, after which the Court would enter an Order indicating the remaining briefing schedule.

15. Plaintiff's counsel has indicated that the Plaintiff does not agree to this Motion.

**WHEREFORE** Defendant, Manorcare Health Services, LLC, asks that this Court grant this Motion, and grant Defendant leave to file its Motion for Summary Judgment on or before April 15, 2022, if the parties reach agreement on a joint statement of undisputed facts by March 25, 2022; and alternatively, if the parties do not reach such agreement by March 25, 2022, the Defendant shall file the parties' joint motion by April 2, 2022 after which the Court will enter an Order indicating the remaining briefing schedule.

Dated: March 17, 2022

Respectfully Submitted,

By: */s/ David K. Haase*
David K. Haase
Littler Mendelson, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
(312) 372-5520
dhaase@littler.com

Peter T. Tschanz
Littler Mendelson, P.C.
111 Monument Circle, Suite 702
Indianapolis, IN 46204
(317) 713-3590
ptschanz@littler.com

*Attorneys for Defendant*
*HCR Manorcare Health Services, LLC*

## **CERTIFICATE OF SERVICE**

I, the undersigned, being first duly sworn upon oath, depose, and say that I caused to be served the foregoing ***Defendant's Motion to Extend Summary Judgment Deadline*** by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on March 17, 2022.

Ethan E. White
EMERY LAW, LTD.
2021 Midwest Road, Suite 200
Oak Brook, IL 60523
ewhite@emerylawltd.com

*/s/ David K. Haase*
David K. Haase

4882-0339-3814.1 / 052829-1569